**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
By:  Alan F. Kaufman
330 Madison Avenue, 27th Floor
New York, NY 10017
Phone: 212.413.9016
alan.kaufman@nelsonmullins.com
*Attorneys for Plaintiffs B&C Speakers S.p.A.*
*and B&C Speakers, NA, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | | |
|---|---|---|
| B&C Speakers S.p.A., and B&C Speakers, NA, LLC | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| vs. | ) ) ) | **COMPLAINT** |
| PRV Audio Group, Inc. | ) ) | |
| Defendant. | ) ) | Jury Trial Requested |

Plaintiffs B&C Speakers S.p.A. ("B&C") and B&C Speakers, NA, LLC ("B&C NA") (collectively "Plaintiffs"), by and through their undersigned counsel, allege the following as their Complaint against Defendant PRV Audio Group ("PRV"):

## THE PARTIES

1.      B&C is an Italian joint stock company having a place of business at Via Poggiomoro, 1 - Loc. Vallina, 50012 Bagno a Ripoli (FI), Italy.

2.      B&C NA is a wholly-owned subsidiary of B&C.  B&C NA has a place of business at 220 W. Pkwy, Pompton Plains, New Jersey.

3.      Upon information and belief, PRV is a Florida corporation having a place of business at 1893 SW 3rd Street, Pompano Beach, Florida.

## JURISDICTION AND VENUE

4.      This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), New Jersey's trademark infringement statute, N.J.S.A. 56:3-13.16, New Jersey's Unfair Competition Act, N.J. Stat. Ann. § 56:4-1, and the New Jersey common law of trade dress infringement and unfair competition.

5.      Jurisdiction is conveyed upon this Court pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over B&C's state law claims pursuant to 28 U.S.C. § 1367.

6.      Upon information and belief, this Court has personal jurisdiction over PRV at least by virtue of PRV having conducted business in this District and having committed one or more acts complained of herein in this District.

7.      The actions of PRV in this district include, but are not limited to, PRV advertising that its car audio speakers are installed in multiple "team member" vehicles who reside in New Jersey, and PRV dealers located in New Jersey, including Thunderball Marketing Inc. and Jordan Music, LLC.  In addition, the PRV

website located at www.prvaudio.com allows purchasing without geographic restriction.

8.    Upon information and belief, venue is proper pursuant to 28 U.S.C. § 1391, including at least 28 U.S.C. § 1391(b) and (c).  In particular, upon information and belief, PRV is believed to have advertised, marketed, offered for sale products, and sold infringing products described herein into this judicial district.

**FACTUAL ALLEGATIONS**

**B&C'S PRODUCTS AND TRADE DRESS**

9.    B&C is one of the largest and most prestigious professional loudspeaker transducer manufacturers in the world and has produced superbly designed and engineered speakers and speaker components since 1946.

10.    As part of their business, B&C and B&C NA have sold and sell original, ornamental, and unique speaker designs that are distinctive and recognizable to consumers and purchasers in the loudspeaker industry.

11.    One of B&C's distinctive speaker designs is B&C's 12NDL76 speaker, which is shown below and has been sold by B&C Speakers since at least as early as 2005:



12.     With reference to the diagram below, B&C's unique design, referenced herein as the "B&C Speaker Basket Design," includes [1] pairs of tapering and arching support arms [1] that terminate at the magnetic motor mount [2] and extend to the circular front mounting flange [3].  A pattern of ribs [4] and evenly spaced obround holes [5] extend around the mounting flange [3]. A terminal tab [6] is integral to the basket and adjacent to the base basket flange [7].



13.    The unique B&C Speaker Basket Design does not provide any functionality to the speaker.  For example, while support arms and holes may offer functionality in general, the specific and unique design of these features in the B&C Speaker Basket Design, such as tapering and arched arms and evenly-spaced oblong holes, do not offer any functionality.  The non-functional and ornamental nature of the B&C Speaker Basket Design is further demonstrated by the fact that B&C was granted European Union Community Design, Registration No. 000163175-0002, attached as Exhibit A hereto, for the B&C Speaker Basket Design.

14.    Other B&C speakers utilize the unique and distinctive B&C Speaker Basket Design, including the following B&C speaker products:



15.    In addition to being unique and distinctive, the B&C Speaker Basket Design trade dress has been continuously used and marketed for more than eighteen (18) years as being affiliated with B&C.  For example, during that time, the B&C Speaker Basket Design has been shown at trade shows, in brochures, in online images for purchasing the product, and in catalogs.

16.    In addition, the B&C Speaker Basket Design has been advertised as affiliated with B&C in widely distributed advertisements in various industry publications, including widely distributed in *Voice Coil Magazine, Tecnoprofile, Sound Solutions, Backstage, mondo dr, Pro AVL Asia, Parts Express, Pro Sound News Europe, and The Loudspeaker Industry Sourcebook*.

17.    Non-exhaustive examples of advertising and publications depicting the B&C Speaker Basket Design as associated with B&C are compiled in Exhibit B hereto, which is incorporated herein by reference.

18.    Such advertising and marketing efforts have increased consumer awareness of the B&C Speaker Basket Design and have led to significant sales of speakers encompassing the B&C Speaker Basket Design.  As a result of such sales, B&C's products having the B&C Speaker Basket Design have been B&C's best-selling cone speaker products.

19.    The industry has likewise recognized speakers with the B&C Speaker Basket Design.  For example, B&C's speakers with the B&C Speakers Basket Design won the 2018 ProSoundWeb Readers' Choice Product Awards, the 2017 ProSoundWeb Readers' Choice Product Award, and have received favorable reviews from *Test Bench,* which is a featured segment within *Voice Coil* magazine.

20.    Upon information and belief, no non-infringing speakers are sold by other companies in the United States that have the B&C Speaker Design or any confusingly similar design.

21.    Given B&C's lengthy use of the B&C Speaker Design that extended to multiple products, extensive advertising and promotion including the B&C Speaker Design, industry recognition, and overall fame and purchaser recognition of the B&C Speaker Basket Design, the B&C Speaker Design is recognizable trade dress that serves to identify to purchasers that the speakers originate from or are affiliated with a single source.

22.    Purchasers often view a speaker design in making a purchasing decision.    For example, on websites, such as from www.parts-express.com, consumers may view the B&C Speaker Basket Design when shopping for and selecting speakers for purchase:



23.     In the United States, B&C is the exclusive owner of protected common law trade dress rights in B&C Speaker Basket Design.

24.     B&C has taken enforcement action to protect its exclusive rights in the B&C Speaker Basket Design.  For example, given the goodwill associated with the B&C Speaker Basket Design, multiple companies have attempted to copy it without authorization.  However, through B&C's enforcement and policing efforts, B&C has had substantial success in convincing these companies to cease such unauthorized and infringing conduct.

## PRV'S INFRINGING PRODUCTS AND INFRINGING CONDUCT

25.     PRV is a competitor of B&C and/or B&C NA in at least the consumer car audio market.

26.     PRV has advertised, marketed, offered for sale, and sold at least the following products ("PRV Infringing Products") having a design that is the same as or confusingly similar to the B&C Speaker Basket Design:

| PRV Model No. | PRV Product Description |
| --- | --- |
| 18X-2 | 18X-2 18" long throw Neodymium Woofer |
| 8MB700FT-NDY | 8MB700FT-NDY - PRV Audio 8" Midbass Loudspeaker Neodymium |
| 8MB700FT-NDY-4 | 8MB700FT-NDY-4 - PRV Audio 8" Midbass Loudspeaker Neodymium |
| 8MR600X | 8MR600X - PRV Audio |
| 8MR600X-4 | 8MR600X-4 - PRV Audio |
| 10MB800FT | 10MB800FT - PRV Audio |
| 10MB1000FT | 10MB1000FT - 10" Midbass FORTE Loudspeaker - PRV Audio |

| 12MB1000FT | 12MB1000FT - PRV Audio |
| 12MB1000FT-4 | 12MB1000FT-4- PRV Audio 12" Midbass Speaker |

27.    By way of example, the side-by-side comparison below accurately shows B&C's 12BG76 speaker, which includes the B&C Speaker Basket Design, and PRV's infringing and confusingly similar18X-2 speaker:



| **B&C** 18SW115 | **PRV** 18X-2 |

28.    Similarly, as another example, the side-by-side comparison below accurately shows B&C's 8NDL64 speaker, which includes the B&C Speaker Basket Design, and PRV's infringing and confusingly similar 8MB700FT-NDY speaker:



| **B&C** 8NDL64 | **PRV** 8MB700FT-NDY |

29.    Other examples showing the striking and infringing similarity between the PRV Infringing Products and the B&C Speaker Basket Design are shown in Exhibit C, which is incorporated herein by reference and which accurately depicts the respective B&C speakers and PRV speakers shown therein.  As shown in Exhibit C, each PRV Infringing Product includes the B&C Speaker Basket Design, namely pairs of tapering and arching support arms that terminate at a magnetic motor mount and extend to a circular front mounting flange, and a pattern of reinforcing ribs and evenly spaced obround holes are positioned around the mounting flange, and a terminal tab is integral to the basket and adjacent to the base basket flange.

30.    PRV products, including the PRV Infringing Products, and B&C products, including B&C products having the B&C Speaker Basket Design, are advertised and sold in the same trade channels.  For example, at least the following

websites offer both B&C products and PRV products: (i) https://chucheroexpress.com/; (ii) https://reverb.com/; (iii) https://vipproaudio.com/; (iv) https://www.tball.com/; (v) https://Walmart.com/; (vi) https://www.shop.com/; (vii) https://amazon.com/; (viii) https://www.sears.com/; (ix) https://parts-express.com/; (x) https://www.newegg.com/; (xi) https://target.com/; and (xii) https://sweetheartdeals.com.

31.    Similarly, retail stores, including at least the following, offer both PRV and B&C products for sale:  Parts Express and VIP Pro Audio.

32.    In addition, B&C products and PRV products have been displayed at the same trade shows, such as the National Association of Music Merchants ("NAMM") trade show and the Slamology trade show.

33.    Upon information and belief, PRV knew of the B&C Speaker Basket Design when adopting its design for each of the PRV Infringing Products.

34.    Upon information and belief, PRV intentionally copied the B&C Speaker Basket Design for each of the PRV Infringing Products.  In addition, upon information and belief, PRV copied the B&C Basket Design for its PRV Infringing Products in an effort to unfairly trade off of B&C's goodwill in the B&C Speaker Basket Design and to confuse purchasers as to falsely believing that such PRV Infringing Products were sourced from or affiliated with B&C.

35.     PRV's bad faith and intent is further reflected by PRV selling other speaker products that do not fully incorporate the B&C Speaker Basket Design.

36.     On or about, June 20, 2023, B&C's counsel sent a letter to counsel for PRV discussing marketing and sales of PRV's 18X-2 speaker and requesting that PRV Audio immediately cease manufacture or importation of the 18X-2 speaker and to sell off its existing inventory within a commercially reasonable amount of time. In subsequent correspondence, PRV was put on notice of the infringing nature of the PRV Infringing Products.

37.     Since at least as early as this time, and possibly earlier, PRV has known that B&C requested that PRV cease its infringing sales.  Upon information and belief, PRV has continued to sell the PRV Infringing Products and is thus an intentional infringer.

38.     PRV's unauthorized use of the B&C Speaker Basket Design is likely to cause confusion, mistake, and deception as to the source or origin of PRV's products, and is likely to falsely suggest a sponsorship, connection, license, or association between PRV, their products, and/or their commercial activities and B&C, its products and services, and/or its commercial activities.

## COUNT I
## TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

39.     The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

40.     The B&C Speaker Basket Design is entitled to trade dress protection under section 43(a) of the Lanham Act because the design is not functional and has acquired secondary meaning.

41.     B&C is the senior owner of the trade dress rights in the B&C Speaker Basket Design.

42.     PRV has not been authorized to use the BC Speaker Basket Design.

43.     The design of the PRV Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of the PRV Infringing Products with B&C and/or B&C NA, is likely to cause confusion as to the origin, sponsorship, or approval of the PRV Infringing Products from B&C and/or B&C NA, and/or is likely to cause mistake that B&C, B&C NA and/or their products having the B&C Speaker Basket Design are affiliated, connected, or associated with PRV and/or the PRV Infringing Products.

44.     Upon information and belief, PRV had knowledge of B&C's products having the B&C Speaker Basket Design prior to designing, or having designed,

adopting, promoting, advertising, distributing, and/or selling the PRV Infringing Products.

45.    Upon information and belief, PRV intentionally adopted its design for the PRV Infringing Products in order to copy and be the same as or similar to the B&C Speaker Basket Design.

46.    Upon information and belief, PRV intentionally adopted the design for the PRV Infringing Products in an effort to trade off of the goodwill of B&C and/or B&C NA and/or to confuse purchasers as to some type of affiliation between B&C and/or B&C NA and PRV and/or their respective products.

47.    In addition, upon information and belief, customers who are familiar with PRV's lesser quality PRV Infringing Products may mistakenly believe that B&C Speakers' products consisting of the B&C Speaker Basket Design are from the same lesser quality manufacturer(s), and thus, harming the goodwill, reputation and value of B&C.

48.    PRV has continued to market and sell PRV Infringing Products after notice of B&C's trade dress rights in the B&C Speaker Basket Design.

49.    PRV's conduct constitutes trade dress infringement, false designation of origin, and/or unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.    As a proximate result of PRV's actions, B&C and B&C NA have suffered and will continue to suffer damage to their business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to B&C and B&C NA.  Such damage and harm are ongoing, continuous, and irreparable.  A monetary award of damages alone cannot fully compensate B&C or B&C NA for the damage and harm caused by PRV, and B&C and B&C NA lack an adequate remedy at law.  B&C and B&C NA will continue to suffer irreparable harm unless PRV's unlawful conduct is enjoined immediately and permanently.

51.    Plaintiffs are entitled to recover damages, and a disgorgement of PRV's profits, resulting from PRV's trade dress infringement, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

52.    Given PRV's intentional and willful conduct, this is an exceptional case and Plaintiffs are entitled to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**
**TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**AND UNFAIR COMPETITION**
**UNDER N.J.S.A. § 56:3-13.16**

53.    The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

54.    The B&C Speaker Basket Design is entitled to trade dress protection under New Jersey Statute Annotated 56:3-13.16 because the design is not functional and has acquired secondary meaning.

55.    B&C is the owner of the trade dress rights in the B&C Speaker Basket Design.

56.    PRV has not been authorized to use the BC Speaker Basket Design.

57.    The design of the PRV Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of the PRV Infringing Products with B&C and/or B&C NA, is likely to cause confusion as to the origin, sponsorship, or approval of the PRV Infringing Products from B&C and/or B&C NA, and/or is likely to cause mistake that B&C, B&C NA and/or their products having the B&C Speaker Basket Design are affiliated, connected, or associated with PRV and/or the PRV Infringing Products.

58.    Upon information and belief, PRV had knowledge of B&C's products having the B&C Speaker Basket Design prior to designing, or having designed, adopting, promoting, advertising, distributing, and/or selling the PRV Infringing Products.

59.    Upon information and belief, PRV intentionally adopted its design for the PRV Infringing Products in order to copy and be the same as or similar to the B&C Speaker Basket Design.

60.    Upon information and belief, PRV intentionally adopted the design for the PRV Infringing Products in an effort to trade off of the goodwill of B&C and/or B&C NA and/or to confuse purchasers as to some type of affiliation between B&C and/or B&C NA and PRV and/or their respective products.

61.    In addition, upon information and belief, customers who are familiar with PRV's lesser quality PRV Infringing Products may mistakenly believe that B&C Speakers' products consisting of the B&C Speaker Basket Design are from the same lesser quality manufacturer(s), and thus, harming the goodwill, reputation and value of B&C.

62.    PRV has continued to market and sell PRV Infringing Products after notice of B&C's trade dress rights in the B&C Speaker Basket Design.

63.    PRV's conduct constitutes trade dress infringement, false designation of origin, and/or unfair competition in violation of New Jersey Statute Annotated 56:3-13.16.

64.    As a proximate result of PRV's actions, B&C and B&C NA have suffered and will continue to suffer damage to their business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to B&C and B&C NA.  Such damage and harm are ongoing, continuous, and irreparable.  A monetary award of damages alone cannot fully compensate B&C or B&C NA for the damage and harm caused by PRV, and B&C and and B&C NA

lack an adequate remedy at law. B&C and B&C NA will continue to suffer irreparable harm unless PRV's unlawful conduct is enjoined immediately and permanently.

65.     Plaintiffs are entitled to recover damages, and a disgorgement of PRV's profits, resulting from PRV's trade dress infringement, in an amount to be determined at trial and trebled pursuant to N.J.S.A. § 56:3-13.16.

66.     Given PRV's intentional and willful conduct, this is an exceptional case and Plaintiffs are entitled to an award of its reasonable attorneys' fees pursuant to N.J.S.A. § 56:3-13.16.

### COUNT III
### UNFAIR COMPETITION
### UNDER N.J.S.A. § 56:4-1

67.     The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein

68.     The B&C Speaker Basket Design is entitled to trade dress protection because the design is not functional and has acquired secondary meaning.

69.     B&C is the owner of the trade dress rights in the B&C Speaker Basket Design.

70.     PRV has not been authorized to use the BC Speaker Basket Design.

71.     The design of the PRV Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of

the PRV Infringing Products with B&C and/or B&C NA, is likely to cause confusion as to the origin, sponsorship, or approval of the PRV Infringing Products from B&C and/or B&C NA, and/or is likely to cause mistake that B&C, B&C NA, and/or their products having the B&C Speaker Basket Design are affiliated, connected, or associated with PRV and/or the PRV Infringing Products.

72.    Upon information and belief, PRV had knowledge of B&C's products having the B&C Speaker Basket Design prior to designing, or having designed, adopting, promoting, advertising, distributing, and/or selling the PRV Infringing Products.

73.    Upon information and belief, PRV intentionally adopted its design for the PRV Infringing Products in order to copy and be the same as or similar to the B&C Speaker Basket Design.

74.    Upon information and belief, PRV intentionally adopted the design for the PRV Infringing Products in an effort to trade off of the goodwill of B&C and/or B&C NA and/or to confuse purchasers as to some type of affiliation between B&C and/or B&C NA and PRV and/or their respective products.

75.    In addition, upon information and belief, customers who are familiar with PRV's lesser quality PRV Infringing Products may mistakenly believe that B&C Speakers' products consisting of the B&C Speaker Basket Design are from the

same lesser quality manufacturer(s), and thus, harming the goodwill, reputation and value of B&C.

76.    PRV has continued to market and sell PRV Infringing Products after notice of B&C's trade dress rights in the B&C Speaker Basket Design.

77.    PRV's conduct constitutes trade dress infringement, false designation of origin, and/or unfair competition in violation of the New Jersey Unfair Competition Act, N.J.S.A. 56:4-1.

78.    As a proximate result of PRV's actions, B&C and B&C NA have suffered and will continue to suffer damage to their business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to B&C and B&C NA.  Such damage and harm are ongoing, continuous, and irreparable.  A monetary award of damages alone cannot fully compensate B&C or B&C NA for the damage and harm caused by PRV, and B&C and B&C NA lack an adequate remedy at law.  B&C and B&C NA will continue to suffer irreparable harm unless PRV's unlawful conduct is enjoined immediately and permanently.

79.    Plaintiffs are entitled to recover damages resulting from PRV's trade dress infringement in an amount to be determined at trial and trebled pursuant to N.J.S.A. § 56:4-2.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

80.    The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein

81.    The B&C Speaker Basket Design is entitled to trade dress protection under New Jersey common law because the design is not functional and has acquired secondary meaning.

82.    B&C is the owner of the trade dress rights in the B&C Speaker Basket Design.

83.    PRV has not been authorized to use the BC Speaker Basket Design.

84.    The design of the PRV Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of the PRV Infringing Products with B&C and/or B&C NA, is likely to cause confusion as to the origin, sponsorship, or approval of the PRV Infringing Products from B&C and/or B&C NA, and/or is likely to cause mistake that B&C, B&C NA, and/or their products having the B&C Speaker Basket Design are affiliated, connected, or associated with PRV and/or the PRV Infringing Products.

85.    Upon information and belief, PRV had knowledge of B&C's products having the B&C Speaker Basket Design prior to designing, or having designed,

adopting, promoting, advertising, distributing, and/or selling the PRV Infringing Products.

86.    Upon information and belief, PRV intentionally adopted its design for the PRV Infringing Products in order to copy and be the same as or similar to the B&C Speaker Basket Design.

87.    Upon information and belief, PRV intentionally adopted the design for the PRV Infringing Products in an effort to trade off of the goodwill of B&C and/or B&C NA and/or to confuse purchasers as to some type of affiliation between B&C and/or B&C NA and PRV and/or their respective products.

88.    In addition, upon information and belief, customers who are familiar with PRV's lesser quality PRV Infringing Products may mistakenly believe that B&C Speakers' products consisting of the B&C Speaker Basket Design are from the same lesser quality manufacturer(s), and thus, harming the goodwill, reputation and value of B&C

89.    PRV has continued to market and sell PRV Infringing Products after notice of B&C's trade dress rights in the B&C Speaker Basket Design.

90.    PRV's conduct constitutes trade dress infringement, false designation of origin, and/or unfair competition in violation of New Jersey common law.

91.    As a proximate result of PRV's actions, B&C and B&C NA have suffered and will continue to suffer damage to their business, goodwill, reputation,

profits and business relationships, which will cause immediate and imminent harm to B&C and B&C NA. Such damage and harm are ongoing, continuous, and irreparable. A monetary award of damages alone cannot fully compensate B&C or B&C NA for the damage and harm caused by PRV, and B&C and B&C NA lack an adequate remedy at law. B&C and B&C NA will continue to suffer irreparable harm unless PRV's unlawful conduct is enjoined immediately and permanently.

92.     Plaintiffs are entitled to recover damages, and a disgorgement of PRV's profits, resulting from PRV's trade dress infringement, in an amount to be determined at trial and punitive damages.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs request a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, B&C prays that the Court grant the following relief:

A.     Judgment that PRV has infringed B&C's protectable trade dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

B.     Judgment that PRV has violated the New Jersey's trademark infringement statute, N.J.S.A. 56:3-13.16;

C.     Judgment that PRV has violated New Jersey's Unfair Competition Act, N.J.S.A. 56:4-1;

D.    Judgment that PRV has infringed B&C's trade dress and unfairly competed against B&C under the common law of New Jersey;

E.    Enjoin PRV, its officers, agents, employees, representatives, and all others acting in concert therewith, from marketing, selling, or offering for sale the PRV Infringing Products or any product using the B&C Speaker Basket Design or any confusingly similar variations thereof;

F.    Order PRV to issue corrective advertising;

G.    Award Plaintiffs damages adequate to compensate them for PRV's violations, together with interest and costs, and a trebling of damages pursuant to the Lanham Act, 15 U.S.C. § 1117, N.J.S.A. § 56:3-13.16, and N.J.S.A. § 56:4-2;

H.    Award Plaintiffs all of PRV's profits resulting from its unlawful conduct, together with interest and costs, and up to a trebling of profits pursuant to 15 U.S.C. § 1117, N.J.S.A. § 56:3-13.16, and N.J.S.A. § 56:4-2;

I.    Award Plaintiffs damages and punitive damages under the common law of New Jersey;

J.    Award Plaintiffs their costs and attorneys' fees under the Lanham Act and New Jersey law;

K.    Award Plaintiffs prejudgment and post-judgment interest; and

L.    Grant Plaintiffs such other further relief as this Court deems just and proper.

Respectfully submitted, this 22nd day of April, 2025.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By:   _/s/ Alan F. Kaufman_
Alan F. Kaufman
330 Madison Avenue, 27th Floor
New York, NY 10017
Phone: 212.413.9016
alan.kaufman@nelsonmullins.com

John C. McElwaine*
Liberty Center, Suite 600
151 Meeting Street
Post Office Box 1806 (29402)
Charleston, SC 29401
Phone: 843.720.4302
john.mcelwaine@nelsonmullins.com

Ashley B. Summer*
330 Madison Avenue, 27th Floor
New York, NY  10017
Phone: 212.413.9015
ashley.summer@nelsonmullins.com

*Pro Hac Vice Admission Request Forthcoming

Attorneys for Plaintiffs B&C Speakers S.p.A.
and B&C Speakers, NA, LLC